UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Carlos Gooden, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-1987 |
| | § | |
| University of Houston System, et al. | § | |
|     *Defendants*. | § | |

## Agreed Protective Order

1. This Agreed Protective Order applies to information, documents, and excerpts from documents, and other materials produced in this action pursuant to the Federal Rules of Civil Procedure.

2. Counsel for any party may designate any information, documents and other materials under this Order. The designation must be made in good faith. All such information, documents, excerpts from documents, and other materials will constitute "Designated Material" under this Order. The designation shall be either (a) "CONFIDENTIAL" or (b) "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

3. "CONFIDENTIAL" means information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy.

4. "CONFIDENTIAL—ATTORNEYS' EYES ONLY" means confidential information that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the designating party.

5. Designated Material shall not be used or disclosed for any purpose other than the litigation of this action and may be disclosed only as follows:

    a. *Parties*: Material designated "CONFIDENTIAL" may be disclosed to parties to this action or directors, officers and employees of parties to this action, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement. Before Designated Material is disclosed for this purpose, each person must agree to be bound by this Order by signing a document attached here as Exhibit A.

    b. *Witnesses or Prospective Witnesses*: Designated Material, including material designated "CONFIDENTIAL—ATTORNEYS' EYES ONLY," may be disclosed to a witness or prospective witness in this action, but only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing, or deposition. Designated Material may not be retained by the witness or prospective witness. Before Designated Material is disclosed for this purpose, each person must agree to be bound by this Order, by signing a document attached here as Exhibit A.

    c. *Outside Experts*: Designated Material, including material designated "CONFIDENTIAL—ATTORNEYS' EYES ONLY," may be disclosed to an outside expert for the purpose of obtaining the expert's assistance in the litigation. Before Designated Material is disclosed for this purpose, each person must agree to be bound by this Order, by signing a document attached here as Exhibit A.

    d. *Counsel*: Designated Material, including material designated "CONFIDENTIAL—ATTORNEYS' EYES ONLY," may be disclosed to counsel of record and in-house counsel for parties to this action and their associates, paralegals, and regularly employed office staff.

    e. *Other Persons*: Designated Material may be provided to copying services, translators, and litigation support firms. Before Designated Material is disclosed to any third parties, each person must agree to be bound by this Order by signing a document attached here as Exhibit A.

6. Prior to disclosing or displaying any Designated Material to any person, counsel shall:

    a. Inform the person of the confidential nature of the Designated Material; and

    b. Inform the person that this Court has enjoined the use of the Designated Material for any purpose other than for use in this litigation and has enjoined the disclosure of that information or documents.

7. A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material pursuant to this Order.

8. Counsel shall maintain all signed copies of agreements (Exhibit A).

9. Designated Material will be stamped "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY." The producing party shall designate Designated Material not reduced to documentary form in a reasonably equivalent manner.

10. A party may submit a request in writing to the party who produced Designated Material that the designation be modified or withdrawn. If the Designating Person does not agree to the redesignation within fifteen business days, the objecting party may apply to the Court for relief. Upon any application for relief, the burden shall be on the Designating Person to show why the designation is proper. Before serving a written objection, the objecting party must attempt in good faith to meet and confer with the Designating Person and resolve the matter. The Court may award sanctions if it finds that a party took its position without a substantial justification.

11. Deposition transcripts or excerpts may be designated either (a) when the testimony is recorded, or (b) by written notice to all counsel of record, given within ten business days after the Designating Person's receipt of the transcript in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or excerpts in their possession or control as directed by the Designating Person. Pending expiration of the ten business days, the deposition transcript shall be treated as designated. When testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 5 of this Order. Any party may mark Designated Material as a deposition exhibit, provided the deposition witness is one to whom the exhibit may be disclosed under paragraph 5 of this Order and the exhibit and related

    transcript pages receive the same confidentiality designation as the original Designated Material.

12. Any Designated Material which becomes part of an official judicial proceeding or which is filed with the Court is public. The Court will seal the materials only upon motion and in accordance with applicable law. The Protective Order does not provide for the automatic sealing of such Designated Material. If it becomes necessary to file Designated Material with the Court, a party must move to file the Designated Material under seal.

13. Filing pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material. The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate.

14. Upon final termination of this action, all Designated Material and copies thereof shall, no later than forty-five days after entry of final judgment, be returned or certified as destroyed to counsel of record for the producing party or, in the case of deposition testimony regarding designated exhibits, to counsel of record for the Designating Person. Alternatively, the receiving party shall provide to the Designating Person a certification that all such materials have been destroyed.

15. Inadvertent production of confidential material prior to its designation shall not be deemed a waiver of confidentiality. Any error shall be corrected within a reasonable time.

16. Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver. If a Designating Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Designating Party will promptly notify each receiving party in writing of the inadvertent production. When a party receives notice of such inadvertent production, it shall return all copies of inadvertently produced material within three business days. Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed.

17. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or

other applicable privilege designation by submitting a challenge to the Court. The Designating Party bears the burden of establishing the privileged nature of any inadvertently produced information or material.

18. Each receiving party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court.

19. Notwithstanding the foregoing, a receiving party may use the inadvertently produced information or materials to respond to a motion by the Designating Party seeking return or destruction of such information or materials.

20. If a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, Counsel for the receiving party shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the Designating Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Designating Party, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

21. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Designated Material; or to object to the production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or for modification of this Order; or to seek any other relief from the Court.

22. In lieu of filing any motion seeking the Court's relief regarding matters contemplated by this Order, the parties shall confer in person or by phone and shall file with the Court a joint statement describing the disagreement. The Court will then take the letter under advisement and set a hearing.

23. The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

Signed at Houston, Texas on _____, 2024.

_____
Peter Bray
United States Magistrate Judge

**AGREED:**

**COUNSEL FOR PLAINTIFF**

/s/ Melissa Moore                              *signed with permission
Melissa Moore
Moore & Associates
Lyric Center
440 Louisiana St., Ste. 1110
Houston, Texas 77002
Email: Melissa@mooreandassociates.net


**COUNSEL FOR DEFENDANTS**

/s/ Jason T. Contreras
Jason Contreras
Assistant Attorney General
Texas Bar No. 24032093
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Email: Jason.Contreras@oag.texas.gov

# EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Carlos Gooden v. University of Houston System, et. al.*; Civil Action No. 4:23-1987; In the U.S. District Court, Southern District of Texas, Houston Division have been designated as confidential.

I have been informed that any such documents or information labeled "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" are confidential by Order of the Court.

I have read and understood the Protective Order entered in this case.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation. I further agree to abide by the Protective Order.

_____
Melissa Moore
Counsel for Plaintiff

_____
Jason Contreras
Counsel for Defendants

DATED: January 31, 2024